

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00218-CR

**RAFAEL SUAREZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 82nd District Court
### Falls County, Texas
### Trial Court No. 9279

# ABATEMENT ORDER

A jury convicted Appellant Rafael Suarez of continuous sexual abuse of a young child, and the trial court assessed his punishment at sixty years' imprisonment. This appeal ensued. In his first issue, Suarez contends that the trial court violated his Sixth Amendment right to an open trial because his family members were excluded from the courtroom on the first day of the proceedings.

To rebut the presumption of openness and to allow closure of an accused's trial, or any part thereof,

[(1)] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [(2)] the closure must be no broader than necessary to protect that interest, [(3)] the trial court must consider reasonable alternatives to closing the proceeding, and [(4)] it must make findings adequate to support the closure.

*Lilly v. State*, 365 S.W.3d 321, 328-29 (Tex. Crim. App. 2012) (quoting *Waller v. Georgia*, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)). The Court of Criminal Appeals has described the trial court's findings as the "linchpin of the *Waller* test." *Id.* at 329.

The State has filed a motion to abate this appeal to allow the trial court to issue written findings under *Waller*. *See, e.g.*, *Steadman v. State*, 360 S.W.3d 499, 501 (Tex. Crim. App. 2012). It appears from the record that no written findings were requested by the parties or issued by the trial court. The trial court provided only oral responses to Suarez's complaint. We therefore grant the State's motion, abate this appeal, and remand this case to the trial court so that it can issue written findings.

The trial court is ordered to issue its written findings within twenty-one days of the date of this Order. The trial court clerk shall file a supplemental clerk's record containing the written findings within thirty-five days after the date of this Order.

The State's first motion for extension of time in which to file its brief is granted. The State's brief is due thirty days after the date the supplemental clerk's record is filed with this Court.

PER CURIAM

Before Chief Justice Gray,
   Justice Davis, and

Justice Scoggins
Motions granted, cause abated
Order issued and filed April 16, 2015
Do not publish

